(Case No. 6,032) HANNAHS

The HANNAH M. JOHNSON. See Case No. 6,451.

## Case No. 6,032.
### In re HANNAHS.
[8 Ben. 475.] [1]
District Court, S. D. New York. June, 1876.

OBJECTION TO DISCHARGE—FRAUDULENT TRANSFERS—BOOKS OF ACCOUNT.

1. In February, 1874, H. made a conveyance of property to his father, and, in February, 1874, and in March, 1875, he transferred property to S. & H. He was insolvent or contemplated insolvency, when he made such conveyance and transfers, and he made them with intent to give preferences. A petition in involuntary bankruptcy was filed against him on July 16th, 1875. On his applying for his discharge in the bankruptcy proceedings, specifications of objection were filed under the 5th subdivision and the 9th subdivision of section 5110 of the Revised Statutes. charging such transfers to have been fraudulent, and also a specification of objection that the bankrupt had not kept proper books of account, he not having, from June, 1874, to January, 1875, kept a cash book, journal or ledger: Held, that the specifications under the 5th subdivision of section 5110 were not sustained, but that the specifications under the 9th subdivision of that section were sustained.

2. In the absence of a cash book, it was necessary for the bankrupt to show that the entries which would have appeared in it, did appear elsewhere in his books as entries of cash, and that the state of his cash receipts and payments could be ascertained from the books which he did keep; which had not been shown.

3. A discharge must be refused.

Various specifications were filed of objections to the discharge of [John J. Hannahs] the bankrupt herein. Some were as to alleged false swearing by the bankrupt, which were held to be not sustained. As to others the following opinion was rendered.

E. Smith, for bankrupt.

R. A. Pryor and Frederick H. Kellogg, for creditors.

BLATCHFORD, District Judge. The petition in bankruptcy herein was in involuntary bankruptcy. It was filed July 16, 1875. Under section 10 of the act of June 22, 1874 [18 Stat. 180], it is the law as to transactions occurring after August 22, 1874, that, by virtue of section 5128 of the Revised Statutes. if an insolvent person, within two months before the filing of a petition against him in involuntary bankruptcy, with a view to give a preference to a creditor, makes any transfer of any part of his property, the person receiving such transfer having reasonable cause to believe such person is insolvent, and knowing that such transfer is made in fraud of the provisions of the bankruptcy statute, the same shall be void. It is, probably, true that on the question of granting a discharge, the court is only to look to the acts and intent of the bankrupt. and that, under the 5th subdivision of section 5110, a discharge must be withheld if the bankrupt has given any fraudulent preference, contrary to the pro-

[1] [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

visions of the bankruptcy statute, or has made any fraudulent transfer of any part of his property, without reference to whether such facts exist in regard to the transferee as to enable the assignee to recover back from him the transferred property. In re Gay [Case No. 5,279]. But, in regard to specifications framed under such 5th subdivision, this court held, in Re Freeman [Id. 5,082], that the "fraudulent" conveyance referred to in such 5th subdivision means only such a conveyance as is so declared to be void. If there be, in the case of In re Louis [Id. 8,527], any thing which seems to conflict with the decision in Re Freeman the latter must prevail. The point was not raised in Re Louis, and that case would seem rather to have been decided on specifications made under subdivision 9 of section 5110. So far, therefore, as the 5th specification in the present case relates to fraudulent transfers, it must be overruled, for all the transfers referred to in it are transfers to creditors, and that to Strang and Holland Brothers of March, 1875, was made more than two months before the 16th of July, 1875, while all the others were made before August 22, 1874, and, therefore, more than four months before July 16, 1875, and are governed by section 5128, as it stood before the act of June 22, 1874, was passed.

But, the 9th specification is founded on the 9th subdivision of section 5110, and avers that "the bankrupt has, in contemplation of becoming bankrupt, made certain pledges, payments, transfers, assignments and conveyances of his property or a part thereof, directly or indirectly, absolutely or conditionally, for the purpose of preferring certain creditors or persons having or not having a claim or claims against him, or who are or may be under liability for him, or for the purpose of preventing the property from coming into the hands of the assignee, or of being distributed in satisfaction of his debts." Under the decision of this court in Re Goldschmidt [Case No. 5,520], as to the meaning of the words in that sub-division, "in contemplation of becoming bankrupt," I think that this 9th specification is sustained, so far, certainly, as relates to the conveyance by the bankrupt to his father, in February, 1874. and to his transfers to Strang and Holland Brothers, in February, 1874, and March, 1875. He was insolvent or contemplated insolvency when he made such conveyance and such transfers, and he made them with intent to give preferences. He is therefore, according to section 5021, to be deemed to have thereby committed acts of bankruptcy. He contemplated committing the acts of bankruptcy which he so committed, and he, therefore, contemplated becoming bankrupt, and, as before said, he made the conveyance and the transfers with intent to prefer the transferees.

As to the failure of the bankrupt to keep proper books of account, it appears that, from June, 1874, to January, 1875, the bankrupt kept no cash book, journal or ledger.

In the absence of a cash book, it must clearly be shown by the bankrupt that the entries which would there appear, appear elsewhere in his books as entries of cash, and that the state of his cash receipts and payments can be ascertained from the books he did keep. This is not shown. A discharge is refused.

[In Case No. 6,033, the court refused to confirm a composition with creditors on account of two dissents.]